**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION**

**RICHARD PACKER,**

        **Plaintiff,**

v.                                        **Civil Action No. 4:06cv119**

**SECURITY NATIONAL AUTOMOTIVE
ACCEPTANCE CORPORATION,**

        **Defendant.**

## ORDER AND OPINION

This matter comes before the court on the defendant's Motion to Dismiss for lack of subject matter jurisdiction, filed pursuant to Federal Rule of Civil Procedure 12(b)(1).  After examination of the briefs and record, this court determines oral argument is unnecessary because the facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument.  The court, for the reasons set out fully herein, **GRANTS** the defendant's motion to dismiss.  The defendant's Motion for a More Definite Statement, Motion to Dismiss for failure to state a claim for which relief can be granted, Motion to Abstain, and Motion for Leave to File a Third-Party Complaint, and the plaintiff's motion for an extension of time are hereby **MOOT**.

I.  Factual and Procedural Background

According to the complaint, the plaintiff, Richard Packer, purchased an automobile from a third-party car dealership on or about July 22, 2000.  The defendant, Security National Automotive Acceptance Corporation, provided financing for the purchase of the car, in turn

1

receiving the right to payment under the financing agreement.  In April 2001, the plaintiff

indicated by letter to both the dealership and the defendant his purported revocation of

acceptance.  See Complaint, Exhibit A.  The plaintiff stopped making payments on the financing

agreement, returned the vehicle, and demanded the return of money he had paid up until that

point.  The defendant, however, treated this course of events as a repossession of the vehicle, and

reported the negative credit consequences to the three major credit reporting services, Equifax,

Trans Union, and Experian.  The defendant subsequently sold the vehicle at auction, and

requested that the plaintiff remunerate the remainder of the monies required under the financing

agreement.

On or about July 10, 2001, the plaintiff filed suit against the defendant and others in the

General District Court for the City of Newport News, Virginia, in which he made various claims

under Virginia law relating to the alleged revocation of acceptance of the vehicle purchased in

July of 2000.  On or about August 2, 2001, the case was removed to the Circuit Court for the City

of Newport News, Virginia.  It appears that the plaintiff's state litigation was not pursued for

several years, and the plaintiff has provided an order dated October 10, 2006, indicating that, in

accordance with VA. CODE ANN. § 8.01-335(B),[1] the Newport News Circuit Court had struck the

---

[1]Section 8.01-335(B) provides:

Any court in which is pending a case wherein for more than three years there has been no
order or proceeding, except to continue it, may, in its discretion, order it to be struck from
its docket and the action shall thereby be discontinued. The court may dismiss cases
under this subsection without any notice to the parties. The clerk shall provide the parties
with a copy of the final order discontinuing or dismissing the case. Any case discontinued
or dismissed under the provisions of this subsection may be reinstated, on motion, after
notice to the parties in interest, if known, or their counsel of record within one year from
the date of such order but not after.

case from its docket and discontinued it.  See Plaintiff's Memorandum in Opposition to Defendant's Motion to Abstain, Exhibit A.  The plaintiff alleges that during the interim, in August of 2005, he obtained a copy of his credit report and found that the defendant had reported the revocation or repossession to the major credit reporting agencies, who had lowered the plaintiff's credit rating accordingly.

According to the complaint, on or about February 20, 2006, the plaintiff disputed the account with the defendant and with Equifax, Trans Union, and Experian.  The plaintiff avers that the three credit reporting agencies notified the defendant of the plaintiff's dispute, but that the defendant and the reporting agencies failed to make any changes to the plaintiff's credit report.  On September 13, 2006, the plaintiff filed suit in this court, alleging a violation of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681.  Specifically, the plaintiff contends that the defendant violated 15 U.S.C. § 1681s-2(b) when it informed the credit reporting agencies about the debt without indicating that the debt was disputed and failed to make a full investigation and correct any errors in the reports made to the reporting agencies. The plaintiff asserts that these violations occurred "[o]n multiple occasions prior to and including March 24, 2006."  See Complaint at ¶ 31.  In addition to the FCRA claim, the plaintiff also makes five state-law claims, several of which are identical to claims that he asserted in the state court litigation.

On October 10, 2006, the defendant filed several motions.  The first, a motion for a more definite statement, seeks to have the court order the plaintiff to provide further information regarding the FCRA claim.  Specifically, the defendant notes that the FCRA has a statute of

_____

Va Code Ann. § 8.01-335(B).

3

limitations, and asserts that it is impossible to determine from the complaint when the alleged

FCRA violation first occurred.  Secondly, the defendant filed a motion to dismiss for lack of

subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

The defendant argues that the plaintiff's FCRA claim is barred by the applicable statute of

limitations, and therefore the court lacks jurisdiction over that claim and the state-law claims, as

supplemental jurisdiction under 28 U.S.C. § 1367 would no longer apply.

The third is a motion to dismiss for failure to state a claim for which relief can be granted,

pursuant to FED. R. CIV. P. 12(b)(6).  The defendant claims that the complaint fails to allege that

the credit reporting agencies notified the defendant of the dispute, and that therefore the

complaint is insufficient to state a claim for relief under the FCRA.  Likewise, the defendant

argues that this court cannot exercise jurisdiction over the state law claims once the basis for

supplemental jurisdiction is removed.  The fourth motion filed on October 10, 2006, is a motion

to abstain, wherein the defendant urges the court to abstain from and dismiss the present action

because of the presence of parallel state litigation.  The defendant argues that, because the instant

case and the state litigation involve the plaintiff seeking damages from the defendant as a result

of the revocation of acceptance or repossession of his vehicle, this court should allow the state

litigation to proceed, in the interests of judicial economy and the adequacy of the state court to

protect the plaintiff's rights.

The responses to these motions were due from the plaintiff by October 24, 2006.  On

November 2, 2006, however, the plaintiff filed a motion for an enlargement of time in which to

respond to the defendant's motion to abstain, attached to which was the plaintiff's response to the

motion to abstain.  However, the plaintiff failed to respond to the other motions, and therefore

they are ripe for consideration.  On December 1, 2006, the defendant filed a motion for leave to

file a third-party complaint, along with a copy of the proposed third-party complaint.  If granted,

the motion would join the car dealership where the plaintiff bought the vehicle in 2000 and the

president of that dealership as third-party defendants.

II.  Standard of Review

A motion filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure is designed to

attack the court's subject matter jurisdiction over the case.  Such a challenge may proceed in

either of two different ways: a defendant may assert that the complaint itself fails to allege

sufficient facts upon which subject matter jurisdiction could exist; or a defendant may assert that

the jurisdictional facts as pled in the complaint are untrue.  Adams v. Bain, 697 F.2d 1213, 1219

(4th Cir. 1982).  Where a defendant attacks the complaint on its face, asserting that the complaint

"fails to allege facts upon which subject matter jurisdiction can be based[,] . . . the facts alleged

in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same

procedural protection as he would receive under a Rule 12(b)(6) consideration."  Id.  The court

therefore construes all facts in favor of the plaintiff, the non-moving party, and must rely on the

pleadings alone.  The defendant should prevail only if entitled to do so as a matter of law.  See

Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir.

1991).

If a defendant asserts that the jurisdictional facts as pleaded in the complaint are not true,

no presumption of truthfulness attaches to facts pled in the complaint, and "'the trial court is free

to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'"

Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995) (quoting Mortensen v. First Fed.

Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).  Because the plaintiff is the party who has

asserted jurisdiction in federal court, he bears the burden of proving that jurisdiction is proper.

McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams, 697 F.2d at 1219.

As the Fourth Circuit has noted, dismissal for jurisdictional defects has no res judicata effect.

Williams, 50 F.3d at 304.

III.  Analysis

Although it is unclear by which method the defendant challenges the subject matter

jurisdiction of this court, it is clear that, under either standard, the motion to dismiss for lack of

subject matter jurisdiction should be granted.

Under the first standard, assuming the truth of all the jurisdictional facts pled in the

complaint, it is clear that the plaintiff has failed to demonstrate that his claim is not barred by the

appropriate statute of limitations.  The FCRA includes a limitation on private actions brought to

enforce its provisions.  The statute provides:

> An action to enforce any liability created under this subchapter may be brought in any
> appropriate United States district court, without regard to the amount in controversy, or in
> any other court of competent jurisdiction, not later than the earlier of--
> **(1)** 2 years after the date of discovery by the plaintiff of the violation that is the basis for
> such liability; or
> **(2)** 5 years after the date on which the violation that is the basis for such liability occurs.

15 U.S.C. § 1681p.  The present statutory language was modified in 2003.  Prior to 2003, the

statute read:

> An action to enforce any liability created under this subchapter may be brought in any
> appropriate United States district court without regard to the amount in controversy, or in
> any other court of competent jurisdiction, within two years from the date on which the
> liability arises, except that where a defendant has materially and willfully misrepresented

any information required under this subchapter to be disclosed to an individual and the
information so misrepresented is material to the establishment of the defendant's liability
to that individual under this subchapter, the action may be brought at any time within two
years after discovery by the individual of the misrepresentation.

15 U.S.C. § 1681p (2000).

By its terms, then, the statute of limitations requires a potential plaintiff to assert his

claim within two years of his discovery of a violation of the FCRA, but in no case later than five

years after the actual violation occurred.  The 2003 amendment replaced a limited discovery

exception, for cases involving a defendant's willful misrepresentation of material information,

with a general discovery rule, permitting a plaintiff to bring an action within two years of his

discovery of the violation, so long as the action is brought within five years of the violation itself.

In the instant case, the complaint, under the heading "**FACTS**," states the following:

6.  In April, 2001, Plaintiff rescinded the purchase and loan by letter delivered to both the
dealer and Defendant, Security National.  (Exhibit "A").

7.  Subsequent to plaintiff's revocation of acceptance, Defendant, Security National,
wrongfully declared the revocation as a "repossession" and placed the claim in Plaintiff's
credit file.

8.  Plaintiff subsequently filed suit against Defendant, Security National in the Newport
News Circuit Court, Richard Packer v. Security National Automotive Acceptance
Corporation, Law Number 31174-RC.

Complaint, at ¶¶ 6-8 (emphasis added).  The natural reading of these paragraphs as presented

indicates that they occurred in temporal sequence.  The word "subsequent" is defined as

"following in time, order, or place."   See Merriam-Webster's Collegiate Dictionary, 10th Ed.

(1997).  The most natural construction of the complaint therefore indicates that the defendant

"placed the claim in Plaintiff's credit file" prior to the date on which the plaintiff initiated his

state lawsuit.  The defendant's unrebutted allegation is that the plaintiff originally filed suit in

7

Newport News General District Court "[o]n or about July 10, 2001" and that the case was removed to Newport News Circuit Court "on approximately August 2, 2001."  Brief in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction, at 2.  Therefore the obvious inference is that the defendant reported to the major credit reporting agencies that the plaintiff's car had been repossessed, and that the report was made prior to July 10, 2001.

It is this report which forms the basis of the plaintiff's FCRA claim against the defendant.  The complaint specifically alleges a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b), which requires that an entity that furnishes information to credit reporting agencies shall, upon notice of a dispute, conduct an investigation, review relevant information provided by the reporting agency, report the results of the investigation to the reporting agency, and report any inaccuracies to other agencies as well as modify, delete, or permanently block such inaccurate or incomplete information.  15 U.S.C. § 1681s-2(b)(1).  The complaint alleges that "[o]n multiple occasions prior to and including March 24, 2006," the defendant violated section 1681s-2(b) by, inter alia, "publishing the Security National representation within Plaintiff's credit file with Equifax, Trans Union and Experian without also including a notation that this debt was disputed."  Complaint, at ¶ 31.  That the defendant had notice of the dispute is evident from the letter that the plaintiff sent to the defendant indicating that he was revoking his acceptance of the vehicle.  See Complaint, Exhibit A.  Therefore, the plaintiff's claim that he filed his state lawsuit subsequent to the date on which the defendant "placed the claim in Plaintiff's credit file" must be read to indicate that the plaintiff argues that the defendant violated section 1681s-2(b) at some point prior to July 10, 2001.

Although the phrase "placed the claim in Plaintiff's credit file" might at first blush be

interpreted to mean something other than a claim that the defendant reported a debt to the credit

reporting agencies, the plaintiff's use of the phrase "published the . . . representation within

Plaintiff's credit file with Equifax, Trans Union and Experian" in describing the alleged violation

of section 1681s-2(b) indicates that the plaintiff's intended meaning of the phrase is that the

defendant reported the debt to the credit reporting agencies.  Taken together, the reasonable,

natural interpretation–and the interpretation adopted now by the court–is that the plaintiff has

alleged as a fact that the defendant violated 15 U.S.C. § 1681s-2(b) prior to July 10, 2001.  The

plaintiff has failed to respond to the allegations in the defendant's motion to dismiss for lack of

subject matter jurisdiction, and therefore has failed to rebut this interpretation of the facts.

Because the plaintiff filed suit under the FCRA after more than five years had passed since the

alleged violation that gave rise to liability occurred, his claim under the FCRA is barred by the

applicable statute of limitations.[2]  See 15 U.S.C. § 1681p.

> To the extent that the complaint's contention that the defendant violated section 1681s-

2(b) "[o]n multiple occasions prior to and including March 24, 2006" contradicts the conclusion

that the violation occurred prior to July 10, 2001, the court will interpret the defendant's motion

to dismiss as challenging the truthfulness of the complaint's allegations of jurisdiction.  Under

the applicable standard of review, the court "'is free to weigh the evidence and satisfy itself as to

---

[2]It is noted that the five-year period of limitation was a creature of the 2003 amendment
to the FCRA.  Prior to the amendment, the period of limitation was two years from the time
liability arose, subject to possible tolling for willful and material misrepresentation by a
defendant.  See 15 U.S.C. § 1681p (2000).  The 2003 amendments were enacted on December 4,
2003, see Fair and Accurate Credit Transactions Act of 2003, Pub. L. No. 108-159, § 312(f), 117
Stat. 1952, at which time more than two years had already passed since the plaintiff's claim
arose.  Therefore, the claim fails to meet even the statute of limitations in effect at the time the
alleged violation occurred.

the existence of its power to hear the case.'" <u>Williams v. United States</u>, 50 F.3d 299, 304 (4th Cir. 1995) (quoting <u>Mortensen v. First Fed. Sav. & Loan Ass'n</u>, 549 F.2d 884, 891 (3d Cir. 1977)).  The plaintiff bears the burden of proving that jurisdiction in federal court is proper. Because the plaintiff has made no showing beyond the jurisdictional allegations in the complaint, and because the court is satisfied that the evidence demonstrates that the plaintiff's FCRA claim is time-barred, the court has concluded that it lacks subject-matter jurisdiction over this claim. Therefore, the defendant's motion to dismiss for lack of subject matter jurisdiction is granted, and the plaintiff's FCRA claim is dismissed.

Because the FCRA claim was the sole claim over which this court had original jurisdiction, this court declines to exercise supplemental jurisdiction over the remaining state-law claims.  <u>See</u> 28 U.S.C. § 1367(c) (permitting a district court to decline to exercise supplemental jurisdiction if, <u>inter alia</u>, it "has dismissed all claims over which it has original jurisdiction"). Therefore, the remainder of the plaintiff's claims are also dismissed for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).  The court notes that it appears that the plaintiff is entitled to renew his state litigation by motion at any point prior to October 10, 2007, and therefore the plaintiff is not without a forum in which to seek redress on his claims under Virginia law.

IV.  Conclusion

Because the plaintiff's sole claim under federal law is barred by the applicable statute of limitations, this court is without jurisdiction to adjudicate that claim.  This court declines to exercise supplemental jurisdiction over the plaintiff's remaining claims, and therefore the

plaintiff's case is **DISMISSED**.  Thus, the defendant's motion for a more definite statement, motion for dismissal pursuant to Rule 12(b)(6), and motion to abstain are **MOOT**, as are the defendant's motion for leave to file a third-party complaint and the plaintiff's motion for an enlargement of time.

The Clerk is **REQUESTED** to send copies of this Order to counsel for all parties.

**IT IS SO ORDERED.**

_____/s/_____
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February 8, 2007

11